UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v. 6:15-cr-071-Orl-41TBS

THOMAS SAMBORSKI, II

---

# ORDER

This case comes before the Court on the parties' Joint Motion to Conduct Competency Evaluation of Defendant and to Set a Competency Hearing (Doc. 75). Title 18 U.S.C. § 4241 provides in part:

> (a) Motion to determine competency of defendant.--At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, or at any time after the commencement of probation or supervised release and prior to the completion of the sentence, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.
>
> (b) Psychiatric or psychological examination and report.-Prior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c).

18 U.S.C. § 4241(a) and (b).

Defendant Thomas Samborski, II is under indictment for enticing a minor victim to engage in sexually explicit conduct, enticing a minor victim to engage in sexually explicit

conduct for the purpose of producing visual depictions of such conduct, and possession of material containing images of child pornography (Doc. 11).

Defendant has complained to his attorney that he is unable to think clearly or make reasoned decisions, and that his thinking is disorganized (Doc. 68, ¶¶ 2, 4). Defendant has also reported pain of undetermined origin to the medical and psychiatric staff at the jail, who have placed him on medications which include Risperdal.[1] For these reasons, Defense counsel motioned the Court for a competency evaluation of his client (Doc. 68). The motion was granted and forensic psychiatrist Jeffrey Danziger was appointed to perform a psychiatric examination of Defendant and opine concerning his mental competency to proceed (Doc. 71).

Dr. Danziger has completed his evaluation and has opined that Defendant is currently not competent to proceed (Doc. 72 at 5). Dr. Danziger has also opined that there is a reasonable probability that Defendant's competency can be restored through aggressive treatment at a federal facility (Id.). Now, the parties are requesting that Defendant be transferred to the custody of the Attorney General to be held at a federal correctional institute that has a medical and psychiatric facility, for the purposes of a competency evaluation. An evaluation is requested because the Government has not accepted Dr. Danziger's opinion that Defendant is not competent to proceed (Id., ¶ 4). The parties are also asking the Court to allow filing of Dr. Danziger's report under seal pursuant to 18 U.S.C. § 4247(c) (Id., at 2).

[1] Risperdal is an antipsychotic commonly prescribed for the treatment of schizophrenia and acute manic episodes associated with bi-polar disorder (Doc. 68, ¶ 4).

On the record before it the Court finds reasonable cause to have Defendant psychiatrically evaluated. Accordingly, the motion is **GRANTED** and it is **ORDERED** that:

1. Defendant Thomas Samborski, II is committed to the custody of the Attorney General for a period not to exceed thirty days from the date of this Order for a psychological examination and evaluation.

2. The purpose of this examination and evaluation is to determine whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. 18 U.S.C. §§ 4241 and 4247(b).

3. At the expiration of the thirty-day examination period, the Attorney General shall cause the Defendant to be presented promptly to the Court for a hearing before me pursuant to 18 U.S.C. § 4241(c), unless the date is extended before that deadline pursuant to a motion filed by an Assistant United States Attorney at the request of the psychiatric or psychological examiner. Extensions shall not exceed fifteen days. 18 U.S.C. § 4247(b).

4. The Attorney General shall cause a psychological report of Defendant's condition to be filed with the Court with copies to counsel for the United States and the Defendant within fifteen days after the expiration of the time set forth in paragraph 3 above. The report shall discuss each of the factors enumerated in 18 U.S.C. § 4247(c)(1), (2), (3) and (4)(A).

5. Promptly after their receipt of the report the parties shall request the setting of a competency hearing.

6. The Clerk shall maintain Dr. Danziger's report (Doc. 72), **UNDER SEAL** until further order of Court.

**DONE and ORDERED** in Orlando, Florida on December 3, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

Counsel of Record
Defendant
United States Marshal
Attorney General